IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMION DUNTAY FORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-2025-D-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Damion Duntay Ford, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

On May 29, 2009, a Dallas County jury found Petitioner guilty of murder and sentenced him to 37 years of imprisonment. The conviction was affirmed on appeal. *See Ford v. State*, No. 05-09-00616-CR, 2010 WL 4370335 (Tex. App. – Dallas, Nov. 5, 2010, pet. ref'd). Petitioner also filed an application for state post-conviction relief that was denied without written order. *See Ex parte Ford*, WR-76,233-01 (Tex. Crim. App. Sept. 7, 2011). Petitioner then filed this action in federal district court on May 23, 2013. Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 9. Although he was permitted to do so, *see* Dkt. No. 7, Petitioner has not

filed a reply brief or otherwise addressed the limitations defense.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can

be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Petitioner was found guilty of murder, his conviction was affirmed on direct appeal, and his petition for discretionary review was refused on April 20, 2011. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his convictions became final for limitations purposes 90 days thereafter, on July 19, 2011. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90 day period to seek further review with the Supreme Court). Petitioner submitted his application for state post-conviction relief no earlier than June 9, 2011. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied on September 7, 2011. *See Ex parte Ford*, WR-76,233-01 (Tex. Crim. App. Sept. 7, 2011). Petitioner then submitted this action for mailing to federal district court on May 23, 2013.[1]

---

[1] Petitioner's habeas application indicates that he placed it in the prison mail system on May 23, 2013. *See* Dkt. No. 3 at 10. Respondent provides evidence that Petitioner submitted the petition to prison authorities no earlier than May 24, 2013. *See* Dkt. No. 9-1 at 2-3.

The AEDPA statute of limitations started to run on July 19, 2011, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled while his habeas petition was pending in state court and did not begin to run until the petition was denied on September 7, 2011. His May 23, 2013 federal habeas petition was therefore untimely by over eight months.

Although Petitioner does not specifically address the limitations period or equitable tolling, he asserts that he is actually innocent of the offense of conviction because the evidence at trial established that he acted in self defense. *See* Dkt. No. 3 at 6. This claim, which was presented to the jury and raised on direct appeal, *see Ford*, 2010 WL 4370335, at *3, does not constitute "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,'" *McQuiggin,* 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). That is, it is not evidence sufficient to persuade the Court, "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" – such that the AEDPA's limitations period is overcome. *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Without sufficient evidence of actual innocence or a basis for equitable tolling, Petitioner's untimely writ must be dismissed.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE